142 F.3d 440
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
United States of America, Plaintiff-Appellant,
v.
Reginald R. DeBERRY, Defendant-Appellee.
 No. 97-3271.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 28, 1998[1].
Decided May 6, 1998.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. No. 95 CR 144 George W. Lindberg, Judge.
 Before Hon. JESSE E. ESCHBACH, Hon. KENNETH F. RIPPLE, Hon. TERENCE T. EVANS, Circuit Judges.
 
 ORDER
 
 1
 A jury found Reginald R. DeBerry guilty of committing five robberies at three different Chicago area banks during February and March 1995. On this appeal, he challenges his conviction on the grounds that the district court abused its discretion in: (1) admitting into evidence photographs of a woman and DeBerry while he was clad only in his underwear; and (2) refusing to permit his counsel to use a chart during closing argument to demonstrate variations in the eyewitnesses' descriptions of the various bank robbers.
 
 
 2
 The evidence against DeBerry was strong. At trial, tellers from the three banks identified him as one of the three robbers. Theresa Cofield testified that she, DeBerry, and Wayne Johnson committed the five robberies. A friend (former?), Rachel Hearon, testified that DeBerry bragged about being a bank robber. When Hearon heard on the news about the fifth robbery she called Crime Stoppers and identified DeBerry as one of the possible robbers. A fingerprint expert testified that DeBerry's prints were on one of the two demand notes recovered by the FBI. A handwriting expert testified that the two demand notes matched DeBerry's handwriting. A pawnshop owner testified that shortly after the second robbery he sold a man several pieces of expensive jewelry. He identified the jewelry as the same worn by DeBerry in a photograph and recovered by the FBI from an apartment where DeBerry often visited. In addition, a bank surveillance video depicted a robber matching DeBerry's general height and weight and wearing clothing which matched duds later recovered from DeBerry. Finally, the FBI recovered a large amount of cash from DeBerry's home. After listing this evidence, it seems our opening sentence in this paragraph was an understatement.
 
 
 3
 DeBerry first argues that it was an abuse of discretion to permit the jury to see photographs[2] of him standing with a woman when he wore only underwear. The photographs were introduced by the government during its direct examination of Cofield, over DeBerry's objection[3], to show that DeBerry was wearing the expensive chain and charm which Ferris later testified he had sold shortly after the second robbery.
 
 
 4
 Under Fed.R.Evid. 403 it is within the district court's discretion to balance the probative value and prejudicial effect of evidence, and that ruling will not be overturned absent an abuse of discretion. Old Chief v. United States, 519 U.S. 172, ----, 117 S.Ct. 644, 647, 136 L.Ed.2d 574 (1997); United States v. Kizeart, 102 F.3d 320, 325 (7th Cir.1996). Evidence that DeBerry bought expensive jewelry shortly after a bank robbery was relevant to the question of his guilt. The photograph corroborated testimony by other witnesses that after the robberies DeBerry began spending lots of money. Moreover, contrary to DeBerry's argument, the photographs were not cumulative of the pawnshop owner's testimony, since he never identified DeBerry as the buyer of the jewelry he sold. In addition, the fact that an alternative method of proof might have been used (for example, a detailed description of the jewelry) does not render the introduction of the evidence an abuse of discretion. Old Chief, 117 S.Ct. at 649-50. We conclude that there was strong probative value supporting the admission of this evidence.
 
 
 5
 DeBerry argues, very unconvincingly it seems to us, that the photographs were unduly prejudicial. He claims they sent "a sign to the jurors that this defendant was a man of loose moral character, that is, someone more likely to go around robbing banks." DeBerry himself, however, also introduced into evidence a companion photograph of himself in underwear, along with the same woman depicted in the other photograph. Moreover, we think it would border on the preposterous to think the jurors linked their guilty verdict to the fact that DeBerry was wearing underwear while with a woman in these photographs. We find no abuse of discretion in permitting the photographs to be introduced into evidence.
 
 
 6
 DeBerry next argues that the district court abused its discretion in refusing to permit his counsel,[4] in closing argument, to use a chart to illustrate the inconsistencies in the eyewitnesses' descriptions of the height and weight of the two male bank robbers. It is within the discretion of the district court to determine whether demonstrative exhibits may be used during closing arguments. United States v. Crockett, 49 F.3d 1357, 1362 (8th Cir.1995). The chart apparently indicated that a bank teller, Luis Garza, described DeBerry as being 6'-3"' tall when she actually testified that codefendant Johnson was the taller of the two men. DeBerry argues that "there was a dispute as to whom the witnesses were referring to when they gave different descriptions of height and weight." We find that there was no abuse of discretion, since there was some question whether the chart was completely accurate and based on the testimony of the eyewitnesses. Moreover, defense counsel was not restricted from arguing to the jury that the eyewitnesses' descriptions were not completely consistent.
 
 
 7
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The court has granted the appellant's motion to waive oral argument. Thus, the appeal is submitted on the briefs and the record. See Fed. R.App. P. 34(f); Cir. R. 34(e)
 
 
 [2]
 DeBerry does not indicate in his brief which of two photographs introduced at trial by the government he finds objectionable, and the government assumes he is objecting to both
 
 
 [3]
 During much of the trial DeBerry represented himself. In regard to the photograph, both DeBerry and standby counsel made an objection
 
 
 [4]
 At the time of closing argument DeBerry no longer represented himself. Standby counsel had been reappointed to represent DeBerry